```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GERTRUDE JEAN PIERRE,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     15-CV-3577(JS)(ARL)

THE PEOPLE OF THE STATE OF NEW YORK,
NASSAU COUNTY COURT, NASSAU DISTRICT
COURT, NASSAU DISTRICT ATTORNEY'S
OFFICE, HON. TRICIA FERRELL,
JULIANNE BONOMO, and MADELINE SINGAS,

                    Defendants.
----------------------------------X
```
APPEARANCES
For Plaintiff:              Gertrude Jean Pierre, pro se
                            PO Box 2066
                            Garden City, NY 11531

For Defendants:
Nassau County
District Court
and Judge Tricia
Ferrell                     Christina H. Bedell, Esq.
                            NYS Office of the Attorney General
                            Nassau Regional Office
                            200 Old Country Road, Suite 240
                            Mineola, NY 11501

Nassau District
Attorney's Office,
Julianne Bonomo,
and Madeline Singas         Pablo A. Fernandez, Esq.
                            Nassau County Attorney's Office
                            One West Street
                            Mineola, NY 11501

New York State:             No appearances.

SEYBERT, District Judge:

Plaintiff Gertrude Jean Pierre ("Plaintiff") commenced this action pro se against Defendants New York State, Nassau County District Court, Nassau County District Judge Tricia Ferrell ("Judge Ferrell"), Assistant District Attorney Julianne Bonomo ("ADA Bonomo"), Assistant District Attorney Madeline Singas ("ADA Singas"), and Nassau District Attorney's Office (together "Defendants"). Several motions are pending before the Court: (1) Plaintiff's motion for a temporary restraining order (Docket Entry 3); Plaintiff's motion to seal and redact (Docket Entry 5); Plaintiff's letter motion to stay (Docket Entry 21); Judge Ferrell's motion to dismiss (Docket Entry 26); and Plaintiff's motion to compel (Docket Entry 29). For the foregoing reasons, Plaintiff's motions are DENIED and Judge Ferrell's motion to dismiss is GRANTED.

BACKGROUND

Plaintiff's papers are largely incomprehensible. Plaintiff's sparse Complaint does not contain any specific allegations. However, in a lengthy memorandum of law filed in support of her motion for a temporary restraining order, Plaintiff makes varied and outlandish claims about the conduct of an ongoing criminal case brought against her by the Nassau County District Attorney's Office. In the beginning of her brief, Plaintiff generally asserts that "[t]here's a group of assassins on long

2

island who have tie[s] and are of the government and they have stolen from me, filed [a] false report, change[d] court's record, abducted me from my home, threw me in jail and have cornered me not to have any legal defense." (Pl.'s Br., Docket Entry 4, at 11.)

Plaintiff was charged with aggravated harassment in the second degree for threatening an attorney she hired to obtain a refund from an automobile dealer. (Pl.'s Br at 67-68; see Ferrell's Br., Docket Entry 25, at 2.) Liberally construed, Plaintiff alleges in her brief, pursuant to 42 U.S.C. § 1983, that (1) she was falsely arrested and subjected to excessive force during her arrest, (2) she was maliciously prosecuted (3) that her due process rights were violated when Judge Ferrell ordered her to be fingerprinted and undergo a psychological evaluation. (Pl.'s Br. at 17, 38-41).

Plaintiff seeks an injunction dismissing her criminal case in state court, which the County Defendants oppose on numerous grounds. (Pl.'s Br. at 12-14; Cty. Defs.' Opp. Br., Docket Entry 23.) Plaintiff also asks the Court to seal and redact certain information from her filings. In addition, Judge Ferrell has moved to dismiss this case against her arguing that she is immune from suit.

DISCUSSION

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

A district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000).

4

"An action is frivolous if it lacks an arguable basis in law or fact--i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" Scanlon v. Vermont, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (alteration in original)); see also Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

In addition, Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against it. See FED. R. CIV. P. 8; Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

5

I.  Plaintiff's Claims Against the State, the District Attorney's Office, and the Nassau County District Court are Barred by the Doctrine of Sovereign Immunity

The Eleventh Amendment of the United State Constitution generally prohibits a private citizen from suing a state and its agencies in federal court. See Trivedi v. N.Y.S. Unified Court Sys. Off. of Court Admin., 818 F. Supp. 2d 712, 734 (S.D.N.Y. 2011) aff'd sub nom. Seck v. Off. of Court Admin., 582 F. App'x 47 (2d Cir. 2014). In an effort to halt the criminal case against her, Plaintiff named as Defendants "the People of the State of New York,"[1] the Nassau County District Attorney's Office, and the Nassau County District Court. All of these entities, however, are all immune from suit under the Eleventh Amendment and must be dismissed.

A. New York State

"The Eleventh Amendment bars a suit by a citizen of a state against that state or one of its agencies, absent the state's consent to such a suit or an express statutory waiver of immunity." Woodward v. Off. of Dist. Atty., 689 F. Supp. 2d 655, 659 (S.D.N.Y. 2010). In addition, "[i]t is well-established that New York has not consented to § 1983 suits in federal court, and that § 1983 was not intended to override a state's sovereign immunity." Mamot

---

[1] The Court assumes that Plaintiff attempted to name the State of New York as a defendant in this action rather than "the People of the State of New York."

6

v. Bd. of Regents, 367 F. App'x 191, 192 (2d Cir. 2010) (internal citations omitted). Therefore, Plaintiff's action cannot be maintained against New York State.

B. The Nassau County District Court

"State agencies and similar divisions of the state are 'entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest." Levi v. New York, No. 10-CV-3980, 2010 WL 5559520, at *3 (E.D.N.Y. Dec. 22, 2010) (quoting Santiago v. N.Y. State Dept. of Corr. Servs., 945 F.2d 25, 28 n.1 (2d Cir. 1991). Just like the State of New York, the New York Unified Court System is immune from suit pursuant to the Eleventh Amendment because it is an administrative arm of the state. Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) ("So far as we can observe, every court to consider the question of whether the New York State Unified Court System is an arm of the State has concluded that it is, and is therefore protected by Eleventh Amendment sovereign immunity."); Levi, 2010 WL 5559520, at *3 ("The Supreme Court is not a suable entity, but is 'a part of the judicial arm of the State of New York.'" (quoting Zuckerman v. App. Div., 2d Dept., Sup. Ct. of N.Y., 421 F.2d 625, 626 (2d Cir. 1970)). Plaintiff's claims against the Nassau County District Court are therefore entirely barred by the Eleventh Amendment.

7

C. The Nassau County District Attorney's Office

Similarly, "[T]he Eleventh Amendment prohibits individuals from suing the District Attorney's Office, an arm of the state, for damages under 42 U.S.C. § 1983 arising from prosecutorial decisions." Quiles v. City of N.Y., No. 01-CV-10934, 2002 WL 31886117, at *2 (S.D.N.Y. Dec. 27, 2002); Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) ("When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county.") (internal quotation marks and citation omitted)); Woodward 689 F. Supp. at 658 (holding that "the District Attorney's Office is not a suable entity"). Here, Plaintiff seeks to hold the Nassau County District Attorney's Office liable for bringing a criminal case against her. The Eleventh Amendment therefore bars Plaintiff's claims against the Nassau County District Attorney' S Office.

II. Plaintiff Cannot Maintain Her Suit against Judge Ferrell

Construing Plaintiff's papers liberally, Plaintiff asserts a § 1983 claim against Judge Ferrell for ordering her to (1) be fingerprinted and (2) undergo a psychological evaluation in her criminal case. However, "[s]ection 1983 suits for damages are absolutely barred against judicial actors for actions performed in their official capacities." Hodges v. Mangano, 28 F. App'x 75, 77 (2d Cir. 2002); Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994)

8

("Judges enjoy absolute immunity from personal liability for "acts committed within their judicial jurisdiction.") (internal quotation marks and citation omitted). Judge's are immune for official acts, because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation and would thus 'lose that independence without which no judiciary can either be respectable or useful.'" Id. (quoting Butz v. Economou, 438 U.S. 478, 509, 98 S. Ct. 2894, 2912, 57 L. Ed. 2d 895 (1978)). There is no question that Judge Ferrell was acting in her official capacity when she ordered Plaintiff to be fingerprinted and to undergo a psychological evaluation. Therefore, she absolutely is immune from suit and must be DISMISSED from this action.

III. Plaintiff's Claims Against the Prosecutors in Her Criminal Action

"Prosecutors enjoy absolute immunity from liability under § 1983 in suits seeking damages for acts carried out in their prosecutorial capacities." Thompson v. Gentz, No. 06-CV-1743, 2007 WL 1202765, at *1 (E.D.N.Y. Apr. 23, 2007). Absolute immunity "applies not only in the courtroom, but also in connection with the decision whether or not to commence a prosecution." Id. However, "only qualified immunity applies to acts taken by a prosecutor in an administrative or investigative role." J. & W. Trading & Leasing Inc. v. New York, No. 15-CV-0327, 2015 WL 4135961, at *3 (N.D.N.Y. July 8, 2015). Thus, "whether a

9

[prosecutor] is or is not entitled to absolute immunity for his or her conduct depends on the function being performed at that time." Hill v. City of N.Y., 45 F.3d 653, 656 (2d Cir. 1995). Although Plaintiff's allegations are less than clear, she appears to take issue with ADA Bonomo and ADA Singas for bringing a criminal case against her for harassment. Although Plaintiff also alleges that she was falsely arrested, she fails to explain which Defendants she believes were responsible for any Fourth Amendment violations. Thus Plaintiff's allegations solely implicate the decisions the prosecutors made in their official roles, for which they are entitled to absolute immunity. To the extent Plaintiff seeks to sue ADA Bonomo and ADA Singas in their official capacity as prosecutors, Plaintiff's allegations are DISMISSED. However, in light of Plaintiff's pro se status, and in an abundance of caution, the Court will allow Plaintiff to replead her allegations against ADA Bonomo and ADA Singas. See Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) ("[W]hen addressing a pro se complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

IV. Plaintiff's Motion to Seal and Redact

Plaintiff also filed a motion asking the Court redact any personal information she included in her filings. (Docket

Entry 5). However, the Court will not parse through Plaintiff's lengthy brief in search of the personal information she describes in her letter motion. If Plaintiff wishes to replace the brief she filed with a redacted version, she must file the redacted copy and clearly indicate the location of the information she wishes to redact in her motion.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for a temporary restraining order (Docket Entries 3) is DENIED; Plaintiff's motion to seal (Docket Entry 5) is DENIED WITHOUT PREJUDICE; Plaintiff's motion to stay (Docket Entry 21) is FOUND TO BE MOOT; Judge Ferrell's motion to dismiss (Docket Entry 26) is GRANTED; and Plaintiff's motion to compel (Docket Entry 29) is DENIED. The Clerk of the Court is directed to TERMINATE Judge Ferrell, "the People of the State of New York," the Nassau County District Court, and the Nassau District Attorney's Office as Defendants in this action. Furthermore, Plaintiff's claims against ADA Bonomo and ADA Singas are DISMISSED WITHOUT PREJUDICE. Plaintiff must file an Amended Complaint within thirty (30) days

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

of the date of this Memorandum and Order detailing her claims against ADA Bonomo and ADA Singas or her case will be DISMISSED WITH PREJUDICE. The Amended Complaint must contain "**a short and plain statement**" explaining why Plaintiff is entitled to relief. FED. R. CIV. P. 8 (emphasis added). Plaintiff is cautioned that an Amended Complaint completely replaces the original Complaint and therefore all factual allegations and claims that Plaintiff wishes to pursue must be included in the Amended Complaint. **The Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear the same docket number as this Memorandum and Order, 15-CV-3577, and shall be filed within thirty (30) days from the date of this Memorandum and Order.** If Plaintiff fails to file an Amended Complaint within the time allowed, her Complaint will be dismissed with prejudice and this case will be marked closed. The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  26 , 2016
Central Islip, New York